UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AARON K. MARSH,

    Plaintiff,

vs.          Case No. 2:06-cv-347-FtM-29SPC

THE STATE OF FLORIDA DEPARTMENT OF
CHILDREN & FAMILY SERVICES; ET AL.,

    Defendants.
_____

**OPINION AND ORDER**

  This matter comes before the Court upon review of Plaintiff's Amended Civil Rights Complaint filed on June 2, 2008, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 9501(f), and various Florida statutes (Doc. #69, "Amended Complaint"). Plaintiff is proceeding *in forma pauperis* and is civilly confined at the Florida Civil Commitment Center ("FCCC") pursuant to the Involuntary Civil Commitment of Sexually Violent Predators' Treatment and Care Act, Fla. Stat. §§ 394.910-.913. Plaintiff is well known to this Court, having initiated numerous civil rights actions in this Court since 2002 concerning various conditions of his detention at the FCCC. Because Plaintiff is currently civilly confined, he is not considered a "prisoner" for purpose of the Prison Litigation Reform Act; and, thus is not subject to the requirements of 28 U.S.C. §

1915(2) or § 1915(g). Troville v. Venz, 303 F.3d 1256 (11th Cir. 2002).[1]

Plaintiff originally filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on July 13, 2006 (Doc. #1, "original Complaint") alleging due process violations, denial of medical care and access to the courts in connection with his July 23, 2003, placement in secure management confinement and his continued confinement thereafter. The Court, noting that Plaintiff had previously filed an action alleging the same basic facts and claims at 2:02-cv-599-FTM-29-SPC, issued an Order directing Plaintiff to show cause why this action was not barred by the doctrines of *res judicata* or collateral estoppel. See December 21, 2006 Order (Doc. #10). After Plaintiff responded to the Court's order to show cause (Doc. #10), and because the Court could not find that the doctrines of *res judicata* and collateral estoppel barred the entirety of Plaintiff's claims set forth in his original Complaint, the Court permitted Plaintiff to proceed *in forma pauperis* and directed service of Plaintiff's original Complaint on Defendants. See January 28, 2008 Order of Court (Doc. #14). Defendants, in response to the original Complaint, filed motions to dismiss

---

[1] Although not an inmate, due to Plaintiff's indefinite civil commitment, Plaintiff "stands to gain something and lose nothing from a complaint stating facts that he is ultimately unable to prove. Though he may be denied legal relief, he will nonetheless have obtained a short sabbatical in the nearest federal courthouse." Cruz v. Beto, 405 U.S. 319, 326-327 (1972)(Justice Renquist, dissenting)(footnote omitted).

Plaintiff's original Complaint on the basis of collateral estoppel and issue preclusion. See generally Defendants Liberty, Briody, Lipscomb, Vaughn, Shadell and Donsbach's Motion to Dismiss (Doc. #62). Additionally, the original Defendants sought dismissal of the original Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Id. In response, Plaintiff filed an Amended Complaint pursuant to Rule 15 (a) of the Federal Rules of Civil Procedure (Doc. #69, Amended Complaint).

In his Amended Complaint, Plaintiff alleges violations of the Mental Health Patient Bill of Rights, the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, as well as violations of Florida Statute §§ 394.459(4)(c) and Rules 65E-5.180 and 65E-9.013 of the Florida Administrative Code. Amended Complaint at 3-4. Additionally, Plaintiff avers that Defendant Haymes, General Counsel for the FCCC, violated various rules of The Florida Bar. Id. at 32-35. The thrust of the Amended Complaint is that Plaintiff contends that he was improperly placed in secure management confinement on July 23, 2003, and held there until December 9, 2003, when criminal charges were filed against Plaintiff. See generally Amended Complaint. Plaintiff identifies an additional 16 new parties as Defendants who were not identified in his original Complaint, as well as additional claims. Id. In particular, the Amended Complaint identifies the following additional Defendants, who were not identified in the original Complaint: Cecilia Bradley, William

K. Landers, Jamie Landers, Brenda Allen, Lawton Davis, Jr., Mr. White, Charles Norman, James A. Staunton, Theresa Snow, Dezrene V. Jackson, Dr. Chris Ackerman, Mrs. F. Jones, Octavio Baez, Vincent Carlucci, Dorothy Riddle, and Cliff Ramey.[2]

Although proceeding *pro se*, Plaintiff "is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Rule 8 requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Rule 10 requires that "[a]ll averments of claim . . . shall be made in separate paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances." Fed. R. Civ. P. 10(b). Further, "[e]ach claim founded upon a separate transaction or occurrence . . .shall be stated in a separate count . . . whenever a separation facilities the clear presentation of the matters set forth." Id. These procedural rules

> require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted . . .

---

[2] It appears that the claims asserted against these additional 16 parties would be time-barred under the applicable state of limitations. See Fed. R. Civ. P. 15(c)(1)(C).

-4-

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996)(quoting T.D.S. v. Shelby Mut. Ins. Co., 760 F.2d 1520, 1543 n. 14 (11th Cir. 1985)(Tjoflat, J., dissenting). Rule 41(b) affords this Court with discretion to impose appropriate sanctions on a party who fails to comply with the Court's rules. Fed. R. Civ. P. 41 (b).

Despite repeated admonitions from the Court, Plaintiff has defiantly persisted in drafting pleadings that fail to comport with basic pleading tenets.[3] The following excerpt is indicative of the 60 plus averments in Plaintiff's Amended Complaint:

**STATEMENT OF FACTS**
**Deprive substantive due process right for face-to-face evaluation for Professional Judgment from punitive abuse of restraints and seclusion**

1. On **July 23, 2003**, at about 3:00 PM, Plaintiff **Aaron K. Marsh** and resident **Joseph R. Shaw #492** was in the study room upstairs in E-dorm working on their legal deadlines, and the Defendants **Robert Briody**, Executive Director **Ms. Tiffany Lane**, Facility Safety Director, **James A. Staunton**, Facility Safety Manager, **William Landers**, Facility Safety Manager, **Brenda Allen**, Facility Safety Manager, **Mr. Davis**, T.C.C., **Mr. White**, T.C.C., **Ms. Lane**, called a False Fire Alarm, to get all residents out of E-dorm to do an illegal searches and seizures in residents rooms to confiscate legal property and other personal property that they considered contraband, in violation of the **U.S.C. Fourth & Fourteenth Amendment**.

---

[3]Due to Plaintiff's failure to comply with various orders of Court, the Court entered an Order in this action restricting Plaintiff from being able to continue his extensive filings. See March 18, 2009 Order granting Defendants' Joint Motion for Court order Prohibiting Aaron K. Marsh from Filing Any Case in the Federal District Court Unless Submitted by an Attorney Admitted to Practice Before the Court or With Prior Approval by the Court (Doc. #101).

Plaintiff and other residents went out to the basketball court, and the other half went in a yard surrounded by a *razor wire gate*. As Plaintiff **Mr. Marsh** was going through, E- Dorm resident **Keith Head** informed Plaintiff that defendants staffs **Ms. Snow** and **Ms. Jackson** were in the study room upstairs doing an illegal search going through Plaintiffs and Mr. Shaw's legal documents in violation of the **U.S.C. Fourth & Fourteenth Amendment** against unreasonable searches and seizures, and infringed privacy into legal work. The illegal actions by **Ms. Snow** and **Ms. Jackson** caused Plaintiffs mental anguish that cause his high blood pressure to go up because his was already stressing working on two dead lines, under **Marsh v. D.C.F. Case No.: 2:02-CV-434-FtM-29DNF** (Medical) and **Marsh v. State of Florida, Case No: 2:02-CV-599-FtM-29SPC** (violation access to court). Plaintiff and **Mr. Head** ran upstairs to the study room to secure the legal documents, and as Plaintiff looked downstairs, he witnessed **Mr. Staunton** with assistant from about six (6) staff members ambushed attacked resident **Mr. Shaw** to stop him from coming upstairs to secure his legal documents. The defendant **Mr. Staunton** and about six (6) staff assistants threw Mr. Shaw on the floor and put restraints on his wrist and ankles. Plaintiff and Mr. Head ran back down stairs to witness the abuse and retaliation, and to make sure the staff member do not injure Mr. Shaw while defendant **Mr. Staunton** was telling Plaintiff and **Mr. Head** to get back and put Mr. Shaw in confinement, to try to conceal their constitutional violation in which the defendants action cause Plaintiff mental anguish in a hostile environment. At this time, Plaintiff stated feeling dizzy from his high blood pressures and asked **Mr. Staunton**, "Why is he retaliating against Mr. Shaw? The defendant **Mr. Staunton** just ordered Plaintiff and **Mr. Head** to go back out to the basketball court where it was very hot under cruel and unusual punishment in violation of the **U.S.C. Eighth Amendment**. The above Defendants' actions under color of state law caused Plaintiffs blood pressure to go up, and caused him mental anguish and stress also because Plaintiff was trying to meet a legal deadline. Plaintiff and other residents were left in the hot sun. **See:**

**State of New Jersey v. William E. Stott**, 171 N.J. 343, 794 A.2d 120, 2002 WL 511447 (N.J.), "Defendant had been committed involuntarily to hospital because of illness rather than criminal conviction. Defendant had been a patient for about two weeks at the time of the search, and as Defendant's room contained bed, curtains, a night

>     stand, and personal wardrobe and Defendant's room had many of the
>     attributes of a private living area."

Second Amended Complaint at 4, ¶1 (bold, italics, underscore, and reduced font size appear in original). The succeeding 59 paragraphs contain redundant narratives that are similarly convoluted and verbose. Plaintiff's diary-like detail, his recitation to superfluous facts and case law, his conclusory allegations, as well as his attempts to litigate claims on behalf of other FCCC residents are all too well-known to this Court. The Amended Complaint is the quintessential type of shotgun pleading that renders it virtually impossible for a defendant to answer. Consequently, the Court finds that the Amended Complaint fails to comply with the rudimentary requirements of either Rule 8 or Rule 10 and warrants dismissal.

Further, as noted earlier, Plaintiff prosecuted essentially identical claims arising out of the same set of facts previously in this Court at Case Number 2:02-cv-599-FTM-29-SPC. In that case, the Court: (1) appointed Plaintiff counsel; (2) granted Plaintiff a hearing in connection with his claim concerning his confinement; and (3) found that none of Plaintiff's constitutional rights, including his due process rights, were not violated. See October 22, 2003 Order (Doc. #90) and March 27, 2006 Order (Docs. ##162-163) entered in Case Number 2:02-cv-599-FTM-29SPC. The instant suit essentially rehashes the majority of the same claims against many of the same defendants without any substantive changes, which

the Court dismissed, albeit without prejudice. In fact, certain of the paragraphs of the Amended Complaint are identically worded to the allegations in Plaintiff's operative pleading in his earlier case. Compare Case Number 2:02-cv-599-FTM-29SPC, amended complaint (Doc. #102) paragraphs 128-144 and 146-160 with paragraphs 1-30 and 34-50 of the Amended Complaint *sub judice*.

Additionally, the Court finds that certain of Plaintiff's allegations lack veracity, and, in fact are outright deceptive. In particular, Plaintiff states that he hit Mr. Kramer "in self-defense" and suggests that his placement in secure management confinement was not as a result of this incident, but instead was motivated in retaliation for Plaintiff filing lawsuits. See Amended Complaint at 6, ¶2, and at 14, ¶15. The Court takes judicial notice that Plaintiff pled guilty to the charge of Aggravated Battery in connection with the incident involving Mr. Kramer, and was sentenced to two years incarceration for the incident that he now characterizes was "self-defense."[4]

Finally, the Amended Complaint, comprised mostly of multiplicatus legal conclusions, is rife with claims of conspiracies, but fails to make "a particularized showing" of any conspiracy, by providing any supportive operative facts. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). The Court cannot

---

[4]See Case Numbers 2:03-cv-162-FTM-29SPC, Motion(Doc. #17) at 1 3 and 2:06-cv-125-FTM-33SPC, Complaint (Doc. #1) at 4, ¶29, and at 6, ¶32.

help but view Plaintiff's claims with skepticism when he perceives almost every interaction he has with any FCCC staff member as being a constitutional violation and having a discriminatory animus or stemming from a retaliatory or conspiratorial plot.

For all the foregoing reasons, the Court, in the interests of justice, will exercise its discretion and dismiss Plaintiff's Amended Complaint (Doc. #69), without directing service by the U.S. Marshal on the additionally named Defendants or requiring a further responsive pleading from the originally named Defendants.

ACCORDINGLY, it is hereby **ORDERED and ADJUDGED**:

1. Plaintiff's Amended Complaint (Doc. #69) is **DISMISSED**.

2. The **Clerk of Court** shall: 1) terminate any pending motions; 2) enter judgment accordingly; and 3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___13th___ day of August, 2009.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record